George Rose Smith, Justice. Haverty Furniture Company of Little Rock brought this action against the Missouri Pacific Railroad Company to recover judgment for the loss of $862.74 worth of furniture that was stolen from an unguarded freight car that the railroad company had spotted on Haverty’s private spur track in North Little Rock. Trial to the court, sitting as a jury, resulted in a judgment for Haverty for the amount in dispute. We are of the view that the case turns on a question of fact, upon which there is substantial evidence to support the trial court’s judgment. We state the facts most favorably to the appellee. Prior to the incident in question Haverty had received, from Missouri Pacific as the final carrier, several damaged shipments of furniture from an out-of-state supplier, Broyhill Industries. Haverty had suffered no loss, however, because its claims for the damage had been paid by Missouri Pacific. The railroad company thought the shipments had been improperly packed by Broyhill. As a step toward correcting the trouble Haverty was asked to notify Missouri Pacific upon receipt of the next damaged shipment from Broyhill. The railroad intended to send an inspector to examine the damaged furniture in the freight car and to take photographs of it, with a view to remedying any packing errors at the point of origin. On Wednesday, May 26, 1971, Missouri Pacific spotted a car of Broyhill furniture on Haverty’s private siding. Both parties agree that ordinarily the carrier’s responsibility for the shipment would have ended at that point, since control passed to the consignee. Haverty opened the car and found the shipment to be damaged. At about 8:30 on Friday morning Haverty reported the damage to Missouri Pacific, as it had been requested to do. The railroad company assured Haverty that the contemplated inspection would be made during the day. Early in the afternoon Haverty, whose men were on hand to unload the boxcar, again called Missouri Pacific about the inspection. Still a third call was made by Haverty later in the afternoon. At that time Haverty was told that the inspection could not be made before the first working day after the Memorial Day weekend. The carrier asked Haverty to reseal the car — a process that involved nothing more than fastening a tiny metal seal to the car doors. Neither party to the telephone calls mentioned the possibility of safeguarding the boxcar, as by watchmen or padlocks. During the weekend the car was broken into by someone, resulting in the loss now in controversy. The basic question is whether Missouri Pacific had constructively reassumed possession of the boxcar. Counsel cite no authority particularly pertinent to the present fact situation. It seems to us that the issue, like that presented in negligence cases, was essentially one of fact for the trial court, sitting as a jury. We cannot say as a matter of law that a jury of reasonable men must necessarily have found that possession of the car had not been constructively reassumed by the carrier. Upon that issue it must be borne in mind that the proposed inspection of the damaged furniture was for the carrier’s pecuniary benefit, that the carrier requested the inspection, that it promised a prompt inspection on Friday (after which the furniture would presumably have been moved to a point of safety), that the carrier directed the flimsy resealing of the car, and that the carrier took no affirmative steps to safeguard the shipment during the delay that it had asked for. We think the trier of the facts was justified in concluding that the carrier should bear the loss. Affirmed.